[Cite as *Watson v Chase Home Fin., L.L.C.*, 2014-Ohio-4018.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JOHN R. WATSON | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 100 |
| CHASE HOME FINANCE, LLC | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 13 CV 331


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      September 11, 2014


APPEARANCES:

For Plaintiff-Appellant

STEVEN P. BILLING
538 East Town Street
2nd Floor
Columbus, Ohio 43215

For Defendant-Appellee

ANNE MARIE SFERRA
NELSON M. REID
BRICKER & ECKLER
100 South Third Street
Columbus, Ohio 43215-4291

*Wise, J.*

{¶1} Appellant John R. Watson appeals from the decision of the Court of Common Pleas, Richland County, which granted summary judgment to Appellee Chase Home Finance, LLC in a foreclosure lawsuit.

## STATEMENT OF THE FACTS AND CASE

{¶2} In March 1993, Appellant John R. Watson and Barbara Watson bought a house located at 485 Wayne Street, Mansfield, Ohio. In July 2005, the Watsons borrowed $35,000 from Appellee Chase Home Finance, LLC (Chase) and secured the loan with a mortgage on the Wayne Street residence (the "Property").

{¶3} Appellant commenced the instant action in March 2013, asserting claims for "negligent and fraudulent administration of banking affairs." In his Amended Complaint, Appellant alleges that Chase declined to accept one or more mortgage payments and that a representative from Chase told him that the payment(s) could not be accepted because he had filed for bankruptcy. (Amended Complaint, at ¶19.) Appellant claims that this alleged statement (that he had filed for bankruptcy) was false at the time it was made, and that Chase should have accepted the payment.

{¶4} Subsequently, in 2009, Appellant filed a petition in bankruptcy. According to Appellant, he surrendered his house in connection with the bankruptcy proceeding. (Appellant's Brief at 3).

{¶5} At no time did Chase commence a foreclosure action against Appellant or anyone else in connection with the note or mortgage on the Property.

{¶6} Appellant does not allege that Chase commenced a foreclosure action against Appellant.

**{¶7}** Previously, in February 2012, about a year before this case was filed, Appellant filed a complaint against Chase purporting to assert a claim for intentional infliction of emotional distress. (See Richland County Common Pleas Case No. 2012 CV 187.) The trial court dismissed that complaint for failure to state a claim upon which relief could be granted. (See Journal Entry, Richland County Common Pleas Case No. 2012 CV 187, May 30, 2012.)

**{¶8}** The instant action raises similar allegations as those in the previously dismissed action, purporting to assert claims for "negligent and fraudulent administration of banking affairs."

**{¶9}** Chase moved to dismiss the Amended Complaint under Civ.R. 12(B)(6). The trial court converted this motion to dismiss to a motion for summary judgment "to give the plaintiff the opportunity to demonstrate there were unique facts in this case which gave rise to special duties of the bank to the plaintiff mortgage debtor." (Judgment Entry Converting Motion to Dismiss to Motion for Summary Judgment, filed June 20, 2013 and Judgment, filed October 1, 2013).

**{¶10}** After additional briefing by the parties, the trial court granted Chase's motion for summary judgment. (Judgment, filed October 1, 2013.)

**{¶11}** Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

**{¶12}** "I. ON THE CLAIM OF NEGLIGENCE, THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT NO DUTY OF CARE WAS OWED BY APPELLEE BANK TO PLAINTIFF-APPELLANT IN A MORTGAGOR-MORTGAGEE RELATIONSHIP.

**{¶13}** "II. ON THE CLAIM OF FRAUD, THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT DID NOT RELY ON APPELLEE'S STATEMENT THAT APPELLANT HAD FILED FOR BANKRUPTCY PROTECTION.

**{¶14}** "III. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT TO APPELLEE, TO DISPOSE OF A CLAIM OF FRAUD."

### STANDARD OF REVIEW - SUMMARY JUDGMENT

**{¶15}** Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212(1987).

**{¶16}** Civil Rule 56(C) states in part:

**{¶17}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

**{¶18}** Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138 (1992).

**{¶19}** The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove

its case. The moving party must specifically point to some evidence that demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164(1997), *citing Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264(1996).

{¶20} This appeal shall be considered in accordance with the aforementioned rules.

**I.**

{¶21} In his First Assignment of Error, Appellant argues that the trial court erred in granting summary judgment in favor of Chase Home Finance, LLC on his negligence claim. We disagree.

{¶22} In order to state a valid claim in negligence against Appellee, appellant was required to demonstrate (1) a duty owed to Appellant by Appellee; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty was the proximate cause of the injury. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573. Reviewing the evidence, reasonable minds could not conclude that Chase Home Finance, LLC was negligent in this matter.

{¶23} Under Ohio law, a mere debtor-creditor relationship does not create a fiduciary relationship, absent special circumstances. *Groob v. KeyBank*, 108 Ohio St.3d 348, 351, 2006–Ohio–1189, 843 N.E.2d 1170. It is well settled that the relationship of a bank and its customer, in the absence of special circumstances, is not a fiduciary relationship, as a bank and its customer ordinarily stand at arm's length. *Id.*

{¶24} This principle has been codified in R.C. 1109.15(E), formerly R.C. 1109.15(D), which provides:

{¶25} "Unless otherwise expressly agreed in writing, the relationship between a bank and its obligor, with respect to any extension of credit, is that of a creditor and debtor, and creates no fiduciary or other relationship between the parties."

{¶26} Appellant's Amended Complaint alleges only a creditor-debtor relationship. The only writings between the parties in this case are the Note and Mortgage. Pursuant to Civ.R. 56, Appellant failed to submit evidence in support of any further writing(s) establishing a "fiduciary or other relationship between the parties."

{¶27} Nothing in the record indicates that the parties engaged in anything but arm's-length negotiations. Absent a special relationship giving rise to a fiduciary duty, Chase Home Finance, LLC owed no fiduciary duty to Appellant.

{¶28} Based on the foregoing, the trial court correctly concluded no genuine issue of material fact exists and Appellee was entitled to summary judgment on Appellant's negligence claim.

{¶29} Appellant's First Assignment of Error is overruled.

### II., III.

{¶30} In his Second and Third Assignments of Error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellee on his claims of fraud. We disagree.

{¶31} The elements of common law fraud are (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and

recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 73, 23 OBR 200, 491 N.E.2d 1101.

{¶32} In his Amended Complaint, Appellant alleges that Appellee, through its bank officers, misrepresented to him that he had filed bankruptcy.

{¶33} While it appears from the record that this statement was incorrect, Appellant knew that it was not true and did not rely upon such statement to his detriment. Appellant's claims that Appellee's refusal to accept his mortgage payments caused him to not have enough money to pay his debts, resulting in him filing bankruptcy, is illogical.

{¶34} Appellant's Second and Third Assignments of Error are overruled.

{¶35} For the forgoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0904